**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** | ) ) ) ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **vs.** | ) |
|  | ) |
| **TIMOTHY JOSEPH ATKINSON, JAY PASSERINO, ALL IN PUBLISHING, LLC, & GASHER, INC.,** | ) ) ) ) |
|  | ) |
| **Defendants.** | ) ) |

**CIVIL ACTION NO:**

**PLAINTIFF'S MOTION FOR APPOINTMENT OF A TEMPORARY RECEIVER**

Pursuant to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 13a-1 (2002), Plaintiff Commodity Futures Trading Commission ("Commission or CFTC") makes this motion to appoint a Temporary Receiver to take control of and protect certain assets of Defendants' public customers.

In support of this motion, the Commission states the following:

1.      Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), permits the federal district court to enter an order appointing a temporary receiver to help administer the [Proposed] Statutory Restraining order filed on September 27, 2018 ("Statutory Restraining Order"). The Commission's principal aim is to maximize restitution to customers that it seeks as an equitable remedy for Defendants' violations of the Act.

2.      The Defendants' conduct has violated several sections of the Act and Commission Regulations, specifically, Sections 4c(b), 4*o*(1), 6(c)(1), 7 U.S.C. §§ 6c(b), 6*o*(1) and 9(1)(2012)

and Regulations 4.41(a) and (b), 32.4 and 180.1, 17 C.F.R. §§ 4.41(a) and (b), 32.4 and 180.1 (2018).

  3. In support of this motion and in verification of the facts alleged herein, the Commission submits and incorporates its Memo and Exhibits in Support of Plaintiff's Motion for Statutory Restraining Order and Preliminary Injunction filed on September 27, 2018, that includes the transcripts of testimony of Timothy Joseph Atkinson, Jay Passerino, William Berry, and Shmuel Pollen, and the declarations of Dan Fingerhut, Grayson Brookshire and Chris Beatty, Digital Forensics Investigator with the Commission, as well as Joseph Patrick, Senior Futures Trading Investigator with the Commission and Russell Castillo, IT Specialist with the Securities Exchange Commission.

  4. Appointment by the Court of a Temporary Receiver is particularly appropriate where, as here, the Defendants have cheated and defrauded at least 51,000 customers to open and fund illegal, off-exchange binary options trading accounts through websites operated by unregistered binary options brokers ("Brokers"). As affiliate marketers and commodity trading advisors ("CTAs"), Defendants disseminated–and recruited other affiliate marketers to disseminate on their behalf–fraudulent marketing campaigns which advised unsuspecting prospective customers to open and fund binary options accounts with Brokers to get free access to Defendants' automated trading software that purported to generate astronomical profits with no risk of loss.  Defendants'  marketing materials included numerous false and misleading statements about the advertised trading software, including: (i) fictitious trading performance and account statements showing consistent profits with no losses; (ii) actors depicted as true users and/or creators of the binary options automated trading software falsely claiming they had earned significant profits through use of the software; and/or (iii) false representations of actual live

automated binary options trading and results using the advertised software.  Additionally, the appointment of a Temporary Receiver will help preserve and protect the assets and maintain the status quo, and take whatever additional actions are necessary for the protection of the customers.

5.      The CFTC has identified at least 51,000 customers who opened binary options trading accounts as a result of Defendants' fraudulent solicitations.  These individuals deposited at least $12,750,000 to initially fund those accounts between January 2014 and June 2016.  From at least October 2013 to at least November 2016, Defendants received at least $27 million in gross revenues related to their fraudulent solicitations.  Appointment of a Temporary Receiver is necessary to assist in unwinding Defendants' companies as well as to assist in locating any additional funds and assets.

6.      The Commission submits the attached information containing the credentials of three prospective Temporary Receivers, Melanie Damian, Stephen Bobo, and Maria Yip, who in the view of the Commission's staff would be qualified to act in this matter.  All are experienced receivers with expertise in financial investigations.  The Commission believes that each of them has the capability and experience necessary for carrying out the tasks that will be required of the Temporary Receiver and each has indicated a willingness to serve as Temporary Receiver.  All of the proposed Temporary Receivers have performed the necessary conflict of interest checks and are available to serve as receiver immediately upon appointment.  Fee proposals of Melanie Damian and Stephen Bobo are attached and included in exhibits 1 and 2.  Maria Yip's billing rate is $495 per hour.  Her firm bills out its directors at $350 per hour, managers at $300 per hour, associates at $245 per hour and paraprofessionals at $125 per hour.

A.    **Melanie Damian** is a partner at Damian and Valori LLP in Miami, Florida.  She has served in a fiduciary capacity in matters involving (i) the marshaling, securing and sale of a variety of assets, including commodities (*e.g.*, options and physical precious metals), securities, shares in closely held companies, real property (commercial and residential), cars, boats, and other significant assets located throughout the United States and abroad, (ii) the formulation of claims administration processes and distribution plans, and (iii) the distribution of sale proceeds and other receivership assets to defrauded investors and/or creditors. She also has experience pursuing, as appropriate, claims on behalf of the estate against principals and affiliates of receivership entities, third parties, and other receivership, bankruptcy and probate estates.  In the past several years Ms. Damian has served as a court appointed receiver or special monitor in nine government enforcement actions, including three recent CFTC actions.  A summary of her qualifications is attached as Exhibit 1.

B.    **Stephen Bobo** is a partner at Reed Smith in Chicago.  Mr. Bobo has been a court appointed receiver in ten complex fraud cases brought by federal regulatory agencies, including four CFTC cases.  Outside of receivership cases, he concentrates his practice in commercial bankruptcy and corporate restructuring matters and related litigation.  Additionally, he has represented clients before the CFTC and the Securities and Exchange Commission.  Before joining Reed Smith, Mr. Bobo was a Senior Trial Attorney with the CFTC's Division of Enforcement for five years and thereafter a chairperson for numerous National Futures Association Hearing panels and arbitration panels.  Reed Smith maintains an office in Miami, Florida that will assist Mr. Bobo with his receivership duties should he be appointed.  A summary of his qualifications is attached as Ex. 2.

C. **Maria Yip** is the managing partner of Yip Associates, a firm specializing in forensic accounting, financial investigations, valuations, receiverships and other fiduciary roles, and bankruptcy related matters.  She serves as a court-appointed receiver, examiner, liquidating trustee, custodian and assignee for the benefit of creditors.  Ms. Yip has significant experience marshaling and securing assets and identifying potential causes of action to provide recoveries for creditors and investors.  Ms. Yip has also served as accountant and financial advisor to receivers appointed in numerous SEC, CFTC and FTC matters. Ms. Yip has extensive experience in the tracing of funds and the reconstruction of financial business records in civil and criminal matters.  A summary of her qualifications is attached as Ex. 3.

**WHEREFORE**, the Commission requests that the Court enter an order appointing one of Melanie Damian, Stephen Bobo or Maria Yip, or any other suitable person as Temporary Receiver of Defendants to take, marshal and liquidate assets to further protect defrauded customers' interests.

Dated:  September 27, 2018

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF
COMMODITY FUTURES TRADING
COMMISSION
525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
(312) 596-0714 facsimile
(312)596-0700

*s/ Allison V. Passman*
Allison V. Passman
Senior Trial Attorney
Special Bar ID #A5502489
apassman@cftc.gov

Susan J. Gradman
Chief Trial Attorney
Special Bar ID #A5501721

sgradman@cftc.gov