**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 18-23992-CIV-MARTINEZ/AOR**

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

TIMOTHY JOSEPH ATKINSON, JAY PASSERINO, ALL IN PUBLISHING, LLC and GASHER, INC.,

Defendants.

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANTS TIMOTHY JOSEPH ATKINSON AND ALL IN PUBLISHING, LLC**

1. WHEREAS, on September 27, 2018, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint (Dkt. #1) against the Defendants, Timothy Joseph Atkinson ("Atkinson"), Jay Passerino ("Passerino"), All In Publishing, LLC ("AIP") and Gasher, Inc. ("Gasher") (collectively "Defendants").

2. WHEREAS, the Complaint charges Defendants with violations of:

a. Section 4c(b) of the Commodity Exchange Act ("Act"), 7 U.S.C.§ 6c(b) (2012), and Commission Regulation ("Regulation") 32.4, 17 C.F.R. § 32.4 (2018), which prohibit fraud in connection with off-exchange commodity options transactions;

b. Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2012), which prohibits fraud by, among others, a commodity trading advisor ("CTA"), and Regulation 4.41(a), 17 C.F.R. § 4.41(a) (2018), which prohibits fraud in advertising by, among others, a CTA or any principal thereof;

d. Regulation 4.41(b), which mandates that certain disclosures appear prominently and in immediate proximity to any advertised hypothetical or simulated trading result or performance; and

e. Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3)(2018), which prohibit fraud in connection with swaps transactions.

3. WHEREAS, on October 5, 2018, this Court entered a Statutory Restraining Order ("SRO") against Defendants (Doc. #48) that, among other things: froze Defendants' assets; prohibited Defendants from destroying books and records, or denying the Commission access to such books and records; appointed Melanie Damian of DAMIAN & VALORI LLP, 1000 Brickell Ave., Suite 1020, Miami, FL 33131, as Temporary Receiver, with the full powers of an equity receiver, for Defendants and their affiliates and subsidiaries; required Defendants to provide the Temporary Receiver with an accounting; and ordered Defendants to appear before the Court on October 12, 2018, to show cause why an Order for Preliminary Injunction should not be entered.

4. WHEREAS, Defendants Atkinson and AIP (collectively "Atkinson Defendants"), without admitting or denying the allegations in the Complaint, except for allegations relating to venue and the Court's jurisdiction over the Atkinson Defendants, to which the Atkinson Defendants admit, consent to the entry of this Order for Preliminary Injunction ("Order").

**THE COMMISSION AND THE ATKINSON DEFENDANTS AGREE, AND THE COURT FINDS, THAT:**

5. This Court has jurisdiction over the Atkinson Defendants and the subject matter of this action under 28 U.S.C. § 1331 (2012) (federal question jurisdiction) and 28 U.S.C. § 1345 (2012) (district courts have original jurisdiction over civil actions commenced by the United

States or by any agency expressly authorized to sue by Act of Congress), and pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes this Court to enter a temporary injunction against the Atkinson Defendants.

6. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), in that the Atkinson Defendants are found, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

7. The Atkinson Defendants acknowledge service of the Summons and Complaint in this action.

8. The Atkinson Defendants waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 52(a)(2).

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

9. The terms "funds, assets, or other property" encompass any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

10. The term "document" and "electronically stored information" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34(a), and includes, but are not limited to, all writings, graphs, charts, photographs, sound recordings, images, and other data or other data compilations–stored in any medium from which information can be obtained or translated, if necessary, into reasonable usable form. The terms "document" and "electronically stored information" also refer to each and every such item in Defendants' actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendants; and (ii) all items which Defendants have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

## II. RELIEF GRANTED

**THE PARTIES AGREE AND IT IS HEREBY ORDERED that:**

### A. Preliminary Injunctive Relief

11. The Atkinson Defendants, their officers, agents, servants, employees, successors, assigns and/or attorneys, and all persons in active concert or participation with the Atkinson Defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are hereby restrained, enjoined, and prohibited until further order of the Court, from directly or indirectly:

a. Offering to enter into, entering into, confirming the execution of, maintaining positions in, or otherwise conducting activities relating to binary options;

b. Acting as an affiliate marketer in any capacity that involves binary options or any commodity interest (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2018));

c. Offering autotrading systems or services that purport to trade binary options or any commodity interest (as that term is defined in 17 C.F.R. § 1.3);

d. Using the instrumentalities of interstate commerce to (1) cheat or defraud, or attempt to cheat or defraud, customers or prospective customers; (2) make or cause to be made false reports or statements to customers or prospective customers; or (3) deceive or attempt to deceive customers and prospective customers in, or in connection with, an offer to enter into, the entry into, or the confirmation of the execution of, any commodity option transaction or otherwise violating Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2012), and Regulation 32.4, 17 C.F.R. § 32.4 (2018);

e. Using the instrumentalities of interstate commerce to (1) employ any device, scheme, or artifice to defraud clients or prospective clients, or (2) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon clients or prospective clients or otherwise violating Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2012), and Regulation 4.41(a) and (b), 17 C.F.R. § 4.41(a), (b) (2018);

f. Using the instrumentalities of interstate commerce to (1) use or employ, or attempt to use or employ, manipulative devices, schemes, and artifices to defraud; (2) make, or attempt to make, untrue or misleading statements of a material fact; (3) omit to state material facts necessary in order to make statements made not untrue or misleading; or (4) engage, or attempt to engage, in acts, practices, and courses of business, which operate or would operate as a fraud or deceit upon customers or prospective customers in connection with swap transactions or

otherwise violate Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2018).

12. Pending further order of the Court, the Atkinson Defendants are further restrained and enjoined from:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a (40) (2012);

b. entering into any transactions involving commodity interests (as that term is defined in 17 C.F.R. § 1.3), for their own personal account or for any account in which they have a direct or indirect interest;

c. having any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts traded on their behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

e. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2018); and

g. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2018)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9).

**B. ASSET FREEZE ORDER PROHIBITING THE TRANSFER, REMOVAL, DISSIPATION, AND DISPOSAL OF ASSETS**

13**.** The Atkinson Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly withdrawing, transferring, removing, dissipating, or otherwise disposing of any of the Atkinson Defendants' funds, assets, or other property, wherever located, including the Atkinson Defendants' funds, assets, or other property held outside the United States, except as provided otherwise in Sections F and G of this Order, or as otherwise ordered by the Court.

14. The Atkinson Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by the Atkinson Defendants.

15. Notwithstanding the provisions of this Section B, at the request of the Temporary Receiver, The Atkinson Defendants and any other person who has possession, custody, or control of The Atkinson Defendants' funds, assets, or other property shall transfer possession of all funds, assets, or other property subject to this Order to the Temporary Receiver in accordance with Section G of this Order.

16. The funds, assets, or other property affected by this Order shall include both existing funds, assets, or other property, and funds, assets, or other property acquired after the effective date of this Order, except for the following:

17. This Section B shall not preclude the Atkinson Defendants from seeking exemptions from the asset freeze for the payment of living expenses or attorney's fees, and shall be without prejudice to the Atkinson Defendants' ability to otherwise seek exemption from the freeze; the Commission reserves the right to oppose any such exemption.[1]

**C. Directives to Financial Institutions and Others**

18. Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any account or other of the Atkinson Defendants' funds, assets, or other property at any time since October 2013 shall:

a. Immediately upon receipt of a copy of this Order, prohibit the Atkinson Defendants and all other persons from withdrawing, transferring, removing, dissipating or otherwise disposing of any of the Atkinson Defendants' assets, except as expressly permitted herein or as directed by further order of the Court.

b. Immediately upon receipt of a copy of this Order deny the Atkinson Defendants and all other persons access to any safe deposit box that is: (1) owned, controlled, managed, or held by, on behalf of, or for the benefit of the Atkinson Defendants,

[1] The Court notes that the Plaintiff and the Atkinson Defendants previously filed their Consent Order for Preliminary Injunction and Other Ancillary Relief Against Defendants Timothy Joseph Atkinson and All In Publishing, LLC [ECF No. 79]. Subsequently, Defendant Atkinson filed his Unopposed Motion to Modify Asset Freeze Order [ECF No. 97]. The Court granted Defendant Atkinson's unopposed motion [ECF No. 111]. Accordingly, to the extent that Defendant Atkinson seeks modification of this Consent Order as he sought modification of the Statutory Restraining Order, Defendant Atkinson is instructed to file the appropriate motion with the Court.

either individually or jointly; or (2) otherwise subject to access by the Atkinson Defendants.

c. Within five (5) business days of receiving a copy of this Order, provide the Temporary Receiver a statement setting forth: (1) the identification number of each and every account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Atkinson Defendants, either individually or jointly; (2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is received, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (3) the identification of any safe deposit box that is either owned, controlled, managed, or held by, on behalf of, or for the benefit of the Atkinson Defendants, either individually or jointly, or is otherwise subject to access by the Atkinson Defendants.

d. Within ten (10) business days of a request by the Temporary Receiver, or such longer period specified by the Temporary Receiver, provide the Temporary Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

e. Cooperate with all reasonable requests of the Temporary Receiver or the Commission relating to implementation of this Order, including transferring funds at the Temporary Receiver's direction and producing records related to the Atkinson Defendants' accounts.

**D. Maintenance of and Access to All Records Which Relate to the Business Activities and Business and Personal Finances**

19. The Atkinson Defendants, and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, altering, or disposing of, in any manner any documents that refer or relate in any manner to any transaction or matter described in the Complaint in this case, including the business practices or business or personal finances of either of the Atkinson Defendants.

20. Representatives of the Commission (accompanied by representatives of other state or federal authorities, including the Federal Bureau of Investigation, if the Commission so desires) shall, after giving 24 hours notice, be allowed access to inspect the records that relate or refer to business activities and business and personal finances of the Atkinson Defendants, including, but not limited to, both hard-copy documents and electronically stored information, wherever they may be situated and whether they are in the possession of the Atkinson Defendants or others. To ensure preservation and facilitate meaningful inspection and review of records, the Atkinson Defendants shall allow representatives of the Commission to make copies of said documents and electronically stored information, and if on-site copying of documents and electronically stored information is not practicable, representatives may make such copies off-site. After any such off-site copying, Plaintiff shall promptly return the original documents and devices upon which electronic information is stored.

21. To further facilitate meaningful inspection and review, the Atkinson Defendants shall, absent a valid assertion of their respective rights against self-incrimination under the Fifth Amendment, promptly provide Commission staff with:

a. the location of all records relating or referring to the business activities and business and personal finances of the Atkinson Defendants; and

b. all identification numbers and other identifying information for websites, cloud storage services, email and smartphone accounts, and all accounts at any bank, financial institution or brokerage firm (including any introducing broker or futures commission merchant) owned, controlled or operated by the Atkinson Defendants, or to which the Atkinson Defendants have access; and

c. all passwords to, and the location, make and model of, all computers and/or mobile electronic devices owned and/or used by the Atkinson Defendants in connection with their business activities and business and personal finances.

22. When inspecting records that are subject to this Order, including those contained on computer(s) and/or other electronic device(s), the Commission should undertake reasonable measures to prevent review of the Atkinson Defendants' privileged communications [and/or other nonbusiness, nonfinancial materials] by the Commission's attorneys and other staff who are part of the litigation team in this matter. Moreover, the Atkinson Defendants (or their counsel) shall promptly contact Plaintiff's counsel to assert any claims of privilege [or other legal objections] relating to the contents of any records that are subject to this Order and promptly cooperate with Plaintiff's counsel to develop reasonable protocols to isolate and prevent disclosure of claimed privileged [and/or other nonbusiness, nonfinancial] materials to the Commission's attorneys and other staff who are part of the litigation team in this matter.

However, nothing herein shall excuse the Atkinson Defendants from full and immediate compliance with this Court's Order permitting Plaintiff to inspect the books and records which relate to the Atkinson Defendants' business activities and their business and personal finances.

23. Nothing in this Section D shall preclude the Commission from providing materials obtained from the Atkinson Defendants to any other government agency pursuant to a lawful access request by such agency.

**E. Notice to Financial Institutions and Others that Hold or Control Assets or Records**

24. To ensure the effectiveness of the asset freeze and pending further Order of this Court, any financial or brokerage institution, business entity, or person that receives actual notice of this Order and holds, controls, or maintains custody of any account or asset or other property of the Atkinson Defendants' shall not, in active concert or participation with the Atkinson Defendants, permit the Atkinson Defendants or other persons to withdraw, transfer, remove, dissipate, or otherwise dispose of the Atkinson Defendants' assets, except as directed by further order of the Court; and

25. Any financial or brokerage institution, business entity, or person that receives notice of this Order by personal service or otherwise shall not, in active concert or participation with the Atkinson Defendants, directly or indirectly destroy, alter, or dispose of, in any manner, any records relating to the business activities and business and personal finances of either of the Atkinson Defendants.

26. Furthermore, any such financial or brokerage institution, business entity, or person that receives actual notice of this Order and holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of either of the Atkinson Defendants, or has held, controlled, or maintained custody of any such account or asset of either of the Atkinson Defendants at any time since October 2013, shall not,

in active concert or participation with the Atkinson Defendants deny a request by the Commission to inspect all records pertaining to every account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Atkinson Defendants, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. As an alternative to allowing inspection of records, a financial or brokerage institution, business entity or other person may provide copies of records requested by the Commission.

27. Furthermore, any such financial or brokerage institution, business entity, or person that receives actual notice of this Order shall:

a. Within ten (10) business days of a request by the Temporary Receiver, or such longer period specified by the Temporary Receiver, provide the Temporary Receiver with copies of all records pertaining to any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Atkinson Defendants, either individually or jointly,, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

b. Cooperate with all reasonable requests of the Temporary Receiver relating to implementation of this Order, including transferring the Atkinson Defendants' funds at the Temporary Receiver's direction, and producing records related to

business activities or business or personal finances of the Atkinson Defendants' to the Temporary Receiver.

**F. Order Continuing Appointment of Temporary Receiver.**

28. The Court continues the appointment of Melanie Damian of DAMIAN & VALORI LLP, 1000 Brickell Ave., Suite 1020, Miami, FL 33131 as Temporary Receiver, with the full powers of an equity receiver, for the Atkinson Defendants and their affiliates and subsidiaries owned or controlled by the Atkinson Defendants (hereinafter referred to as the "Receivership Defendants"), and of all the funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants (hereinafter, the "Receivership Estate"). The Temporary Receiver shall be the agent of this Court in acting as Temporary Receiver under this Order.

29. The Temporary Receiver is directed and authorized to accomplish the following:

a. Assume full control of the Receivership Defendants by removing Defendants, and any officer, independent contractor, employee, or agent of the Receivership Defendants, from control and management of the affairs of the Receivership Defendants as the Temporary Receiver deems appropriate;

b. Take exclusive custody, control, and possession of the Receivership Estate, which includes but is not limited to complete authority to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, contracts, financial records, funds on hand in banks and other financial institutions, and other papers and records of the Receivership Defendants and customers or clients of any of Receivership Defendants' business

activities whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendants;

c. Take all steps necessary to secure the business and other premises under the control of the Receivership Defendants, including but not limited to residential and business premises located in Miami and Miami Beach, Florida;

d. Perform all acts necessary, including the suspension of operations, to conserve, hold, manage, and preserve the value of the Receivership Estate in order to prevent an irreparable loss, damage, or injury to any customers or clients of any of Receivership Defendants' business activities;

e. Prevent the withdrawal or misapplication of funds entrusted to the Receivership Defendants, and otherwise protect the interests of any customers or clients of any of Receivership Defendants' business activities;

f. Manage and administer the Receivership Defendants and the Receivership Estate by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including hiring or dismissing any and all personnel, suspending operations, and/or entering into agreements, including but not limited to: (1) the retention and employment of investigators, attorneys or accountants, appraisers, and other independent contractors and technical specialists of the Temporary Receiver's choice, including without limitation members and employees of the Temporary Receiver firm, to assist, advise, and represent the Temporary Receiver; and (2) the movement and storage of any equipment, furniture, records, files or other physical property of the Receivership Defendants;

g. Collect all money owed to the Receivership Defendants;

h. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court that the Temporary Receiver deems necessary and advisable to preserve or increase the value of the Receivership Estate or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

i. Issue subpoenas to obtain documents and records pertaining to the Receivership and conduct discovery in this action on behalf of the Receivership Estate;

j. Open one or more bank accounts and deposit all funds of the Receivership Estate in such designated accounts and make all payments and disbursements from the Receivership Estate from such accounts;

k. Make payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, provided that the Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except for payments that the Temporary Receiver deems necessary or advisable to secure the Receivership Estate from immediate and irreparable loss; and

l. Maintain written accounts itemizing receipts and expenditures, describing properties held or managed, and naming the depositories holding funds or other assets of the Receivership Estate; make such written accounts and supporting documentation available to the Commission for inspection; and, within sixty (60) days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal

and collect assets, administer the Receivership Estate, and otherwise perform the duties mandated by this Order.

**G. Accounting and Transfer of Funds and Records to the Receiver**

30. Absent a valid assertion by the Atkinson Defendants of their rights against self-incrimination under the Fifth Amendment and to the extent the Atkinson Defendants have not done so pursuant to the SRO, within **five (5) business days** following the service of this Order, the Atkinson Defendants shall:

a. Provide the Temporary Receiver with a full detailed accounting of all funds, documents, and assets, including the assets inside and outside of the United States that are held by the Atkinson Defendants, for their benefit, or under their direct or indirect control, whether jointly or singly.

b. Transfer to the territory of the United States and deliver to possession, custody, and control of the Temporary Receiver, all records, funds, and assets (other than real property) located outside of the United States that are held by the Atkinson Defendants, for their benefit, or under their direct or indirect control, whether jointly or singly.

c. Provide the Temporary Receiver access to all records of accounts or assets of the Atkinson Defendants held by financial institutions located within or outside the territorial United States by signing the necessary consent forms.

31. Absent a valid assertion by the Atkinson Defendants of their rights against self-incrimination under the Fifth Amendment, and to the extent the Atkinson Defendants have not done so pursuant to the SRO, the Atkinson Defendants shall, within 24 hours of service of this Order, cause to be prepared and delivered to the Temporary Receiver, a detailed and complete

schedule of all passwords and identification (ID) numbers for all websites, cloud storage services, email and smartphone accounts, and all accounts at any bank, financial institution or brokerage firm (including any introducing broker or futures commission merchant) controlled or operated by or to which either of the Atkinson Defendants has access in connection with their business activities and business and personal finances.

32. Absent a valid assertion by the Atkinson Defendants of their rights against self-incrimination under the Fifth Amendment, and to the extent the Atkinson Defendants have not done so pursuant to the SRO, the Atkinson Defendants shall, within 24 hour of the issuance of this Order, cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of all passwords to, and the location, make and model of, all computers and mobile electronic devices owned and/or used by the Atkinson Defendants in connection with their business activities and business and personal finances. The schedules required by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer and/or mobile device, and all passwords necessary to access and use the software contained on the computer and/or mobile device.

**H. Turning Over Property to the Temporary Receiver**

33. Upon service of this Order, and absent a valid assertion by the Atkinson Defendants of their rights against self-incrimination under the Fifth Amendment, and to the extent the Atkinson Defendants have not done so pursuant to the SRO, the Atkinson Defendants, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Temporary Receiver in writing, deliver over to the Temporary Receiver:

a. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

b. Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Defendants;

c. Possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendants;

d. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants, including but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, mobile electronic devices or other property; and

e. Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

**I. Directive to Cooperate with Temporary Receiver**

34. Absent a valid assertion by the Atkinson Defendants of their rights against self-incrimination under the Fifth Amendment, the Atkinson Defendants, and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Temporary Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the

Temporary Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver.

**J. Stay on Actions Against the Receivership Defendants**

35. Except by leave of the Court, during the pendency of the receivership ordered herein, the Atkinson Defendants, and all other persons and entities be and hereby are stayed from taking any action (other than the present action by the Commission) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, the Temporary Receiver, receivership assets, or the Temporary Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

a. Petitioning, or assisting in the filing of a petition that would cause the Receivership Defendants to be placed in bankruptcy.

b. Commencing, prosecuting, litigating or enforcing any suit or proceeding against any of the Receivership Defendants, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations

c. Commencing, prosecuting, continuing or entering any suit or proceeding in the name or on behalf of any of the Receivership Defendants, or any of their subsidiaries or affiliates;

d. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendants, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter or terminate any of the Receivership Defendants' interests in property, including

without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

e. Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership Defendants, or any of their subsidiaries or affiliates, or the Temporary Receiver, or any agent of the Temporary Receiver; and

f. Doing any act or thing whatsoever to interfere with the Temporary Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Temporary Receiver or to harass or interfere with the duties of the Temporary Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants, or their subsidiaries or affiliates.

Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendants.

**K. Compensation for Temporary Receiver and Personnel Hired by the Temporary Receiver**

36. The Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when

rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. However, the Temporary Receiver and any personnel hired by the Temporary Receiver shall not be compensated or reimbursed by, or otherwise be entitled to, any funds from the Court or the CFTC. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than ninety (90) days after the date of this Order and subsequent requests filed quarterly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the Temporary Receiver and all personnel hired by the Temporary Receiver.

**L. Persons Bound by This Order**

37. This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of the Atkinson Defendants, or is in active concert or participation with the Defendants.

**M. Bond Not Required of Plaintiff or the Temporary Receiver**

38. As Plaintiff Commission has made a proper showing under Section 6c(b) of the Act, 7 U.S.C. 13a-1(b) (2012), it is not required to post any bond in connection with this Order. The Temporary Receiver need not post a bond.

**N. Service of Order and Assistance of U.S. Marshal's Service and Other Law Enforcement Personnel**

39. Copies of this Order may be served by any means, including via email or facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any records or assets of the Atkinson Defendants, or that may be otherwise subject to any provision of this Order.

40. Staff of the Commission's Division of Enforcement and representatives of the United States Marshal Service are specially appointed by the Court to effect service.

41. The United States Marshal's Service, the Federal Bureau of Investigation and local law enforcement are authorized to: accompany and assist (a) the Commission's representatives and help maintain lawful order while Commission representatives inspect records as provided in this Order, and (b) the Temporary Receiver in taking control and custody of the assets, records and business premises of the Receivership Defendants.

**O. Service on the Commission**

42. The Atkinson Defendants shall comply with all electronic filing rules and requirements of the District Court for the Southern District of Florida, and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Senior Trial Attorney Allison Passman, Division of Enforcement, Commodity Futures Trading Commission, 525 West Monroe Street, Suite 1100, Chicago, Illinois 60661, apassman@cftc.gov, by electronic filing, e-mail, personal delivery or courier service (such as Federal Express or United Parcel Service) and not by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

**P. Force and Effect**

43. This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**Q. Preservation of Rights**

44. Defendant Atkinson does not waive, and reserves his right to invoke, his Fifth Amendment privilege against self-incrimination with respect to any part of this Order to the extent such privilege shall be applicable.

DATED: November 16, 2018

The Honorable Jose Martinez
United States District Court

CONSENTED TO AND APPROVED BY:

Timothy Atkinson
Individually and on behalf of
All In Publishing, LLC

Date: 10/11/18

Allison Passman
Senior Trial Attorney
Commodity Futures Trading Commission
525 West Monroe, Suite 1100
Chicago, IL 60661
312-596-0704
apassman@cftc.gov

Date: 10/12/18

Approved as to form:

Date: 10/11/18

Jeffrey Cox
Sallah, Astarita and Cox
3010 North Military Trail, Suite 210
Boca Raton, Florida 33431
PHONE: (561) 989-9080
FAX: (561) 989-9020
JLC@SALLAHLAW.COM

Date 10/11/18