UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23992-CIV-MARTINEZ/AOR

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

v.

TIMOTHY JOSEPH ATKINSON,
JAY PASSERINO,
ALL IN PUBLISHING, LLC, and
GASHER, INC.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Temporary Receiver Melanie E. Damian's (the "Receiver") First Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "First Motion for Fees") [D.E. 161].  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 168].  For the reasons stated below, the undersigned respectfully recommends that the First Motion for Fees [D.E. 161] be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 27, 2018, Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC") commenced this action against Defendants Timothy Joseph Atkinson ("Atkinson"), Jay Passerino ("Passerino"), All in Publishing, LLC ("AIP") and Gasher, Inc. ("Gasher") (collectively, "Defendants") asserting that Defendants violated various sections of the Commodity Exchange Act and its regulations.  See Complaint for Injunctive and Equitable Relief

and Penalties Under the Commodity Exchange Act (hereafter, "Complaint") [D.E. 1]. On October 5, 2018, the Court entered an Order Granting Plaintiff's Emergency Motion for Statutory Restraining Order, Appointment of a Receiver, an Accounting, and Other Equitable Relief (hereafter, "SRO") [D.E. 48]. Pursuant to the SRO, Defendants' assets were frozen, all records of Defendants' activities and assets were ordered to be preserved, and the Receiver was appointed. See SRO [D.E. 48]. The SRO authorized the Receiver to manage and administer the Defendants and their estate by performing all acts incidental thereto that the Receiver deemed appropriate, "including . . . (1) the retention and employment of investigators, attorneys, or accountants . . . of the Temporary Receiver's choice, including without limitation members and employees of the Temporary Receiver's firm." See SRO [D.E. 48 at 12]. The SRO also authorized the Receiver to "[m]ake payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, provided that the Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except for payments that the Temporary Receiver deems necessary or advisable to secure the Receivership Estate from immediate and irreparable loss." Id. at 13.

On October 11, 2018, Defendants Atkinson and AIP consented to the Court's entry of a Preliminary Injunction against them, which the Court entered on November 16, 2018. See Consent Order for Preliminary Injunction and Other Ancillary Relief Against Defendants Atkinson and AIP (hereafter, "Consent Preliminary Injunction") [D.E. 127]. Also on November 16, 2018, the Court entered an Order for Preliminary Injunction and Other Ancillary Relief Against Passerino and Gasher (hereafter, "Preliminary Injunction") [D.E. 125]. The Preliminary

Injunctions, among other things, extended the injunctive relief, asset freeze, directives and appointment of the Receiver ordered in the SRO.  See Preliminary Injunctions [D.E. 125, 127].

On December 5, 2018, the Receiver filed the First Status Report, which reported that the total amount of funds recovered from Defendants Atkinson and AIP (together "AIP Defendants") was $969,510.16 and the total amount of funds that the Receiver recovered from Defendants Passerino and Gasher (together "Gasher Defendants") was $1,645,888.93.  See First Status Report [D.E. 143 at 30].  The Receiver maintained the funds recovered from the AIP Defendants and the funds recovered from the Gasher Defendants in separate fiduciary accounts (respectively, "AIP Fiduciary Account" and "Gasher Fiduciary Account").  Id.

On January 31, 2019, the Receiver filed the First Motion for Fees seeking approval of all of the fees and costs that she and her professionals incurred from October 1, 2018 through November 30, 2018 (hereafter, the "Application Period") and authorization to immediately pay all fees and costs from the funds held by the receivership estate.  See First Motion for Fees [D.E. 161 at 1].  The Receiver informed the Court that she had engaged Damian & Valori LLP ("Lead Counsel") as her lead counsel and Kapila Mukamal LLP (the "Forensic Accountant") as her forensic accountant and tax consultant.  Id. at 3.  On February 26, 2019, the undersigned issued an Order to Show Cause directing Defendants to show cause why the First Motion for Fees should not be granted within 20 days [D.E. 180].  That same day, Atkinson filed a Notice of Non-Opposition to the First Motion for Fees (hereafter, "Notice of Non-Opposition"), informing the Court that he had no opposition to the Receiver's request [D.E. 182].  On March 12, 2019, the Receiver filed a Notice of No Objection to the First Motion for Fees (hereafter, "Notice of No Objection") on behalf of AIP and Gasher informing the undersigned that those

Defendants had no objection to the instant motion [D.E. 192]. To date, Passerino has not responded to the First Motion for Fees or the undersigned's Order to Show Cause.

## DISCUSSION

The Receiver requests the following amounts incurred during the Application Period: $110,198.50 in fees and $7,608.23 in costs by the Lead Counsel; and $42,320.50 in fees and $873.35 in costs by the Forensic Accountant. See First Motion for Fees [D.E. 161 at 2]. The hourly rates for these professionals have been reduced from a range of $200-$525 to a range of $75-$275. Id. at 6, n.3. The Receiver, the Lead Counsel and the Forensic Accountant expended a total of 262.4 hours on work related to the AIP Defendants during the Application Period. Id. at 4. As to work related to the Gasher Defendants, the Receiver, the Lead Counsel and the Forensic Accountant expended a total of 197.8 hours. Id. at 5. Additionally, the Receiver and the Lead Counsel expended 167.2 hours on general receivership and administrative work. Id.

AIP, Gasher and Atkinson do not object to the amounts sought, and Passerino has failed to file a response to the First Motion for Fees or the undersigned's Order to Show Cause. See Notice of Non-Opposition [D.E. 182]; Notice of No Objection [D.E. 192]. Moreover, the undersigned finds the hourly rates and hours expended to be reasonable. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . .").

The Receiver proposes that the fees and costs be paid from the fiduciary account for each defendant to whom the work was attributable. As to the general receivership and administrative fees and costs, the Receiver proposes that those amounts be borne by the AIP Defendants and the

Gasher Defendants equally.   Therefore, the undersigned finds it appropriate to award the Receiver fees and costs from the funds recovered as follows:

### AIP Fiduciary Account

| Description | Amount ($) |
|---|---|
| Receiver and Lead Counsel | |
| AIP-Related Work | 45,075.61 |
| General Receivership and Administrative Matters | 19,761.44 |
| Total | 64,837.05 |
| | |
| Forensic Accountant | |
| AIP-Related Work | 24,308.12 |
| GRAND TOTAL | 89,145.17 |

### Gasher Fiduciary Account

| Description | Amount ($) |
|---|---|
| Receiver and Lead Counsel | |
| Gasher-Related Work | 33,208.23 |
| General Receivership and Administrative Matters | 19,761.45 |
| Total | 52,969.68 |
| | |
| Forensic Accountant | |
| Gasher-Related Work | 18,885.73 |
| GRAND TOTAL | 71,855.41 |

### RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that the Receiver's First Motion for Fees [D.E. 161] be GRANTED and that the Receiver be authorized to pay fees and costs as follows:

1. $64,837.05 to herself and the Lead Counsel from the AIP Fiduciary Account;

2. $52,969.68 to herself and the Lead Counsel from the Gasher Fiduciary Account;

3. $24,308.12 to the Forensic Accountant from the AIP Fiduciary Account; and

4. $18,885.73 to the Forensic Accountant from the Gasher Fiduciary Account.

5

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

DONE AND ORDERED in Chambers at Miami, Florida this 8ᵗʰ day of April, 2019.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Jose E. Martinez
        Counsel of Record

6