IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23992-JEM

COMMODITY FUTURES TRADING
COMMISSION,

           Plaintiff,

v.

TIMOTHY JOSEPH ATKINSON, JAY
PASSERINO, ALL IN PUBLISHING, LLC,
& GASHER, INC.,

           Defendants.
_____/

### RECEIVER'S THIRD INTERIM APPLICATION FOR AN ORDER APPROVING AND AUTHORIZING PAYMENT OF FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS

Melanie E. Damian, the court-appointed temporary Receiver (the "Receiver") in the above-captioned United States Commodity Futures Trading Commission (the "CFTC") enforcement action, files her third interim application (the "Application") seeking the Court's (a) approval of all of the fees and costs that the Receiver and her professionals incurred from April 1, 2019 through July 31, 2019 (the "Application Period"); and (b) authorization to immediately pay all fees and costs from funds held by the receivership estate (the "Estate"). In support of her Application, the Receiver states as follows:

### SUMMARY

All of the work performed by the Receiver and her professionals during the Application Period is described in detail in the Receiver's Third Status Report, filed with the Court on August 9, 2019 (the "Third Status Report") [ECF No. 225].

During the four-month Application Period, the Receiver and her lead counsel, Damian & Valori, LLP, incurred $80,280.00 in fees and $2,011.63 in costs. The Receiver's forensic accountants, Kapila Mukamal, LLP, incurred $16,063.50 in fees and $32.98 in costs.

The foregoing fees and costs were reasonable and necessary to fulfill the Receiver's duties and responsibilities pursuant to *Plaintiff's Motion for Statutory Restraining Order, Appointment of Receiver, an Accounting and Other Equitable Relief* (the "Statutory Restraining Order") [ECF No. 48], the *Consent Order for Preliminary Injunction and Other Ancillary Relief Against Defendants Timothy Joseph Atkinson and All in Publishing LLC* (the "Consent Injunction") [ECF No. 127], and the *Order for Preliminary Injunction and Other Ancillary Relief Against Defendants Jay Passerino and Gasher, Inc.* [ECF No. 125] (the "Preliminary Injunction" and together with the Consent Injunction, the "Preliminary Injunctions").

## I.  INTRODUCTION AND BACKGROUND

On October 5, 2018, the Court entered the Statutory Restraining Order. Pursuant that Order, the Defendants' assets were frozen, all records of Defendants' activities and assets were ordered to be preserved, and Melanie E. Damian was appointed Temporary Receiver of the entity Defendants and the assets of the individual Defendants in the CFTC Action. On October 11, 2018, Defendants Atkinson and All In Publishing, LLC ("AIP") consented to the Court's entry of a Preliminary Injunction against them. On November 16, 2018, the Court entered the Preliminary Injunctions, which among other things, extended the injunctive relief, asset freeze, directives and appointment of the Receiver ordered in the Statutory Restraining Order.

### A.  Employment of Professionals

Pursuant to the Statutory Restraining Order and the Preliminary Injunctions, the Receiver was provided with authority to "[m]anage and administer the Receivership Defendants and

Receivership Estate by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including … (1) the retention and employment of investigators, attorneys, or accountants … of the Temporary Receiver's choice, including without limitation members and employees of the Temporary Receiver's firm." *See* Statutory Restraining Order, ¶ 27(F); Consent Preliminary Injunction, ¶ 29; Preliminary Injunctions, ¶ 39(F).

Accordingly, the Receiver engaged Damian & Valori LLP ("Lead Counsel") as her lead counsel, and Kapila Mukamal LLP (the "Forensic Accountant") as her forensic accountant and tax consultant.

All of the Receiver's professionals have agreed to reduce their hourly rates (by up to 45%) to minimize the cost to the Estate of the services they provide.

### B. Compensation

The Receiver files this Application seeking the Court's approval of all of the fees and costs incurred by the Receiver and her professionals during the Application Period, and authorization to immediately pay all such fees and costs from the funds recovered and held in the Receiver's fiduciary accounts.

### II. ASSETS RECOVERED BY THE ESTATE TO DATE

As reported in the Third Status Report, as of July 31, 2019, the total amount of funds that the Receiver recovered from Defendants Atkinson and AIP (together "AIP Defendants") was $1,418,549.11 and the total amount of funds that the Receiver recovered from Defendants Passerino and Gasher, Inc. (together "Gasher Defendants") was $1,105,169.43. An accounting of

all receipts and disbursements made by the Estate during the Application Period was attached to the Receiver's Third Status Report as Exhibit A and is attached hereto as **Exhibit A.**[1]

### III. WORK PERFORMED BY THE RECEIVER AND HER PROFESSIONALS DURING THE APPLICATION PERIOD

The Receiver's and her professionals' complete time records and detailed descriptions of the work performed during the Application Period are set forth in the invoices attached hereto as **Exhibits B and C.** In total, the Receiver and her Lead Counsel incurred $80,280.00 in fees and $2,011.63 in costs, and the Receiver's Forensic Accountant incurred $16,063.50 in fees and $32.98 in costs.

#### A. AIP-Related Work

During the Application Period, the Receiver and her Lead Counsel expended a total of 167.30 hours on work related solely to the AIP Defendants. *See* **Exhibit B-1** and Receiver's Third Status Report [ECF No. 225]. In doing so, the Receiver and Lead Counsel incurred $45,195.00 in fees and $1,840.31 in costs. *See* **Exhibit B-1**.

The Receiver's Forensic Accountant expended a total of 45.70 hours assisting the Receiver to fulfill her fiduciary duties with respect to the AIP Defendants during the Application Period. *See* **Exhibit C-1** and Receiver's Third Status Report [ECF No. 225]. In connection with such efforts, the Forensic Accountant incurred $12,210.50 in fees and $16.44 in costs.

The Receiver proposes to use the funds recovered from the AIP Defendants to pay the foregoing fees and costs of the Receiver and her professionals.

---

[1] The Receiver is currently maintaining the funds recovered from the AIP Defendants and the funds recovered from the Gasher Defendants in separate fiduciary accounts.

### B. Gasher-Related Work

During the Application Period, the Receiver and her Lead Counsel expended a total of 22.50 hours on work related solely to the Gasher Defendants. *See* **Exhibit B-2** and Receiver's Third Status Report [ECF No. 225]. In doing so, the Receiver and Lead Counsel incurred $5,907.50 in fees and $101.56 in costs. *See* **Exhibit B-2**.

The Receiver's Forensic Accountant expended a total of 14.40 hours assisting the Receiver to fulfill her fiduciary duties with respect to the Gasher Defendants during the Application Period. *See* **Exhibit C-2** and Receiver's Third Status Report [ECF No. 225]. In connection with such efforts, the Forensic Accountants incurred $3,853.00 in fees and $16.54 in costs.

The Receiver proposes to use the funds recovered from the Gasher Defendants to pay the foregoing fees and costs of the Receiver and her professionals.

### C. General Receivership Matters

During the Application Period, the Receiver and her Lead Counsel expended a total of 125.90 hours on general receivership and administrative work necessary to fulfill the Receiver's duties under the Statutory Restraining Order and the Preliminary Injunctions. *See* **Exhibit B-3** and Receiver's Third Status Report [ECF No. 225]. In connection with such work, the Receiver and Lead Counsel incurred $29,177.50 in fees and $69.76 in costs. No other professional of the Receiver performed any general receivership and administrative work or advanced costs in connection therewith.

Given the nature and purpose of the general receivership and administrative work performed by the Receiver and Lead Counsel, it will likely have an equal benefit on the eventual beneficiaries of the Receivership Estate. Calculating the precise extent to which such work will benefit the creditors of the AIP Defendants and the creditors of the Gasher Defendants, allocating

the fees and costs incurred for such work between the funds recovered from each of those Defendants based on those calculations, and then litigating potential objections to such calculations and allocation would be extremely time-consuming and costly to the Estate.

Therefore, the Receiver proposes to divide the fees and costs incurred for general receivership and administrative work equally between the AIP Defendants and the Gasher Defendants, paying 50% ($14,623.63) of the fees and costs with funds in the AIP fiduciary account and 50% ($14,623.63) of them with funds in the Gasher fiduciary account.

## IV.    REDUCED TIME AND HOURLY RATES

The Receiver and her professionals reduced their hourly rates (by up to 45%) for this engagement, resulting in significant savings for the Estate.[2] In addition, the Receiver and her Lead Counsel reduced their fees by approximately 9% for the Application Period and did not charge for time expended while preparing this Fee Application or the attached invoices. In fact, during the Application Period, the Receiver and her Lead Counsel's total blended hourly rate (total fees incurred divided by total hours expended) was $254.29, and her Forensic Accountant's blended rate was $267.38.

---

[2] For example, the Receiver's and her Lead Counsel's hourly rates have been reduced as follows:

| | |
|---|---|
| a) The Receiver – | From $525 to $275 |
| b) Partners – | From up to $500 to $275 |
| c) Of Counsel – | From up to $500 to $250-$260 |
| d) Associates – | From up to $275 to $175-$225 |
| e) Paralegals and other nonprofessionals – | From up to $200 to $75-$150 |

The Receiver's Forensic Accountant also reduced its hourly rates. Indeed, Mr. Kapila's normal hourly rate is $520 but for this matter it has been reduced to $275 for forensic accounting work, and the rates of other accountants and professionals at Mr. Kapila's firm were reduced to less than or equal to $275 for forensic accounting work. Because of the specialized nature and limited extent of the work performed by the Receiver's tax consultant at Kapila Mukamal, LLP, the tax consultant's hourly rate was reduced to $450, which explains why the Forensic Accountant's blended rate was slightly more than the reduced hourly rate of $275 for forensic accounting work.

## V.     MEMORANDUM OF LAW

The Receiver and her professionals are entitled to reasonable compensation and expenses pursuant to the Receivership Order. A receiver appointed by a court who reasonably and diligently discharges her duties is entitled to be fairly compensated for services rendered and expenses incurred. *See SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation.") A receiver and her lawyers are "also entitled to be reimbursed for the actual and necessary expenses they incurred in the performance of their duties." *Fed. Trade Comm'n v. Direct Benefits Grp.,* LLC, Case NO. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013).

Receivership courts have traditionally determined reasonableness of compensation by using the "lodestar" approach, calculating a reasonably hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., SEC v. Aquacell Batteries, Inc.*, Case No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan. 31, 2008); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The hourly rates billed by the Receiver and her professionals are reasonable for professionals practicing in the Middle District of Florida, particularly in light of the reduced hourly rates described above, and the services reflected in the attached exhibits were reasonably necessary to the Receiver's performance of her duties as set forth in the Receivership Order.

## VI.     REQUEST FOR FEES AND COSTS

As set forth in the Statutory Restraining Order and the Preliminary Injunctions, the Receiver is authorized to seek approval from this Court for compensation for her services and those of her professionals on a periodic basis.

By this Application, the Receiver is proposing that this Court approve all of the fees and costs incurred by the Receiver, her Lead Counsel, and her Forensic Accountant, and authorize the payment of 100% of such fees and costs as proposed *infra*.

As reflected in the attached invoices, the total amount of fees and costs incurred by the Receiver and her professionals during the Application Period (April 1, 2019 through July 31, 2019) is as follows:

**A. The Receiver and Lead Counsel (Damian & Valori, LLP):**

1. The total amount of fees and costs incurred in connection with AIP Defendants was $47,035.31 (which total includes $45,195.00 in fees and $1,840.31 in costs). *See* **Exhibit B-1**.

2. The total amount of fees and costs incurred in connection with the Gasher Defendants was $6,009.06 (which total includes $5,907.50 in fees and $101.56 in costs). *See* **Exhibit B-2**.

3. The total amount of fees and costs incurred in connection with general receivership and administrative matters was $29,247.26 (which total includes $29,177.50 in fees and $69.76 in costs). *See* **Exhibit B-3**.

**B. The Forensic Accountant (Kapila Mukamal, LLP):**

1. The total amount of fees and costs incurred in connection with the AIP Defendants was $12,226.94 (which total includes $12,210.50 in fees and $16.44 in costs). *See* **Exhibit C-1**.

**2.** The total amount of fees and costs incurred in connection with the Gasher Defendants was $3,869.54 (which total includes $3,853.00 in fees and $16.54 in costs). *See* **Exbibit C-2.**

## VII. CERTIFICATION OF CONFERENCE

Counsel for the CFTC and counsel for the Defendants have reviewed this Application, the request for fees and costs, and the attached invoices, and have informed the undersigned counsel that they do not oppose the relief sought herein.

**WHEREFORE**, Melanie E. Damian, the Court-appointed Receiver, respectfully requests that the Court enter an Order:

(a) approving the total amount of fees and costs that the Receiver and her Lead Counsel, Damian & Valori LLP, incurred during the Application Period in the amount of $82,291.63 (comprised of $80,280.00 in fees, and $2,011.63 in costs);

(b) authorizing the Receiver to pay 100% of the fees and costs that the Receiver and her Lead Counsel, Damian & Valori LLP, incurred during the Application Period, as follows:

1. $61,658.94, comprised of $47,035.31 in fees and costs incurred for AIP-related work and $14,623.63 in fees and costs for the AIP Defendants' 50% share of the general receivership and administrative fees and costs, to be paid from the Receiver's AIP fiduciary account;

2. $20,632.69, comprised of $6,009.06 in fees and costs incurred for Gasher-related work and $14,623.63 in fees and costs for the Gasher Defendants' 50% share of the general receivership and administrative fees and costs, to be paid from the Receiver's Gasher fiduciary account;

(c) approving the total amount of fees and costs that the Forensic Accountant, Kapila Mukamal, LLP, incurred during the Application Period in the amount of $16,096.48 (comprised of $16,063.50 in fees, and $32.98 in costs);

  (d)  authorizing the Receiver to pay 100% of fees and costs that the Forensic Accountants, Kapila Mukamal, LLP, incurred during the Application Period, as follows:

    1. $12,226.94 in fees and costs to be paid from the Receiver's AIP fiduciary account;

    2. $3,869.54 in fees and costs to be paid from the Receiver's Gasher fiduciary account;

  (e)  granting any and all other relief the Court deems appropriate under the circumstances.

## VIII. CERTIFICATION

The Receiver certifies that:

  (a)  I have read this Application;

  (b)  to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate;

  (c)  all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skills and experience required for the activity performed;

  (d)  I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

  (e)  in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I require reimbursement only for the amount

billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service; and

(f) I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Estate, or any sharing thereof.

*/s/ Melanie E. Damian*
MELANIE E. DAMIAN, RECEIVER

Respectfully submitted this 14th day of October, 2019.

**DAMIAN & VALORI, LLP**
*Counsel for Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

*/s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
E-mail: kmurena@dvllp.com
*Counsel for Melanie E. Damian,*
*Court- Appointed Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of October, 2019 a true and correct copy of the foregoing was served by CM/ECF, upon all counsels of record, and by U.S. Mail and/or e-mail upon all parties listed in the Service List below.

/s/ *Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
*Counsel for Receiver*

# SERVICE LIST

Susan Gradman
**Commodity Futures Trading Commission**
Division of Enforcement
525 W. Monroe St., Suite 1100
Chicago, IL 60661
sgradman@cftc.gov
*Via CM/ECF*

Rosemary Hollinger
**Commodity Futures Trading Commission**
525 W Monroe Street
Suite 1100
Chicago, IL 60661
rhollinger@cftc.gov
*Via CM/ECF*
Allison V. Passman
**Commodity Futures Trading Commission**
525 W. Monroe, Suite 1100
Chicago, IL 60661
apassman@cftc.gov
*Via CM/ECF*

Scott R. Williamson
**Commodity Futures Trading Commission**
525 West Monroe Street
Suite 1100
Chicago, IL 60661
swilliamson@cftc.gov
*Via CM/ECF*

Jeffrey L. Cox, Esq.
James D. Sallah, Esq.
**SALLAH ASTARITA & COX, LLC**
3010 N. Military Trail, Ste. 210
Boca Raton, FL 33431
jcox@sallahlaw.com
jds@sallahlaw.com
*Via CM/ECF*
(Attorneys for Defendant Timothy Atkinson)