UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23992-CIV-MARTINEZ/AOR

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

TIMOTHY JOSEPH ATKINSON,
JAY PASSERINO,
ALL IN PUBLISHING, LLC, and
GASHER, INC.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Receiver Melanie E. Damian's (the "Receiver") Unopposed Ninth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "Ninth Motion for Fees") [D.E. 285]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 286]. For the reasons stated below, the undersigned respectfully recommends that the Receiver's Ninth Motion for Fees be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 27, 2018, Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC") commenced this action against Defendants Timothy Joseph Atkinson ("Atkinson"), Jay Passerino ("Passerino"), All in Publishing, LLC ("AIP") and Gasher, Inc. ("Gasher") (collectively, "Defendants") asserting that Defendants violated various sections of the Commodity Exchange Act and its regulations. See Complaint for Injunctive and Equitable Relief and Penalties Under the Commodity Exchange Act (hereafter, "Complaint") [D.E. 1]. On October 5, 2018, the Court

entered an Order Granting Plaintiff's Emergency Motion for Statutory Restraining Order, Appointment of a Receiver, an Accounting, and Other Equitable Relief (hereafter, "SRO") [D.E. 48]. Pursuant to the SRO, Defendants' assets were frozen, all records of Defendants' activities and assets were ordered to be preserved, and the Receiver was appointed. See SRO [D.E. 48]. The SRO authorized the Receiver to manage and administer the Defendants and their estate by performing all acts incidental thereto that the Receiver deemed appropriate, "including . . . (1) the retention and employment of investigators, attorneys, or accountants . . . of the . . . Receiver's choice, including without limitation members and employees of the . . . Receiver's firm." Id. at 12. The SRO also authorized the Receiver to "[m]ake payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, provided that the . . . Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except for payments that the . . . Receiver deems necessary or advisable to secure the Receivership Estate from immediate and irreparable loss." Id. at 13.

On October 11, 2018, Defendants Atkinson and AIP consented to the Court's entry of a Preliminary Injunction against them, which the Court entered on November 16, 2018. See Consent Order for Preliminary Injunction and Other Ancillary Relief Against Defendants Atkinson and AIP (hereafter, "Consent Preliminary Injunction") [D.E. 127]. Also on November 16, 2018, the Court entered an Order for Preliminary Injunction and Other Ancillary Relief Against Passerino and Gasher (hereafter, "Preliminary Injunction") [D.E. 125]. The Preliminary Injunctions, among other things, extended the injunctive relief, asset freeze, directives and appointment of the Receiver ordered in the SRO. See Preliminary Injunctions [D.E. 125, 127].

On December 5, 2018, the Receiver filed the First Status Report, which reported that the total amount of funds recovered from Defendants Atkinson and AIP (together "AIP

2

Defendants") was $969,510.16 and the total amount of funds that the Receiver recovered from Defendants Passerino and Gasher (together "Gasher Defendants") was $1,645,888.93.  See First Status Report [D.E. 143 at 30].  The Receiver maintained the funds recovered from the AIP Defendants and the funds recovered from the Gasher Defendants in separate fiduciary accounts (respectively, "AIP Fiduciary Account" and "Gasher Fiduciary Account").  Id.

On January 31, 2019, the Receiver filed the First Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "First Motion for Fees") [D.E. 161].  The Receiver informed the Court that she had engaged Damian & Valori LLP ("Lead Counsel") as her lead counsel and Kapila Mukamal LLP (the "Forensic Accountant") as her forensic accountant and tax consultant.  Id. at 3.  On May 1, 2019, the Court adopted the undersigned's Report and Recommendation and granted the First Motion for Fees, authorizing the Receiver to pay a total of $161,000.58 in fees and costs to herself, Lead Counsel and the Forensic Accountant.  See Order Adopting Report and Recommendation on First Motion for Fees [D.E. 200].

On April 17, 2019, the Receiver filed the Second Status Report, which reported that, as of March 31, 2019, the total amount of funds recovered from the AIP Defendants was $1,020,228.97, and the total amount of funds recovered from the Gasher Defendants was $1,627,732.86.  See Second Status Report [D.E. 198 at 25].  On May 29, 2019, the Receiver filed the Second Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "Second Motion for Fees") [D.E. 207].  On July 15, 2019, the Court adopted the undersigned's Report and Recommendation and granted the Second Motion for Fees, authorizing the Receiver to pay a total of $269,494.14 in fees and costs to herself, Lead Counsel and the Forensic Accountant.  See Order Adopting Report and Recommendation on Second Motion for Fees [D.E. 222].

On August 9, 2019, the Receiver filed the Third Status Report, which reported that, as of July 31, 2019, the total amount of funds recovered from the AIP Defendants was $1,418,549.11, and the total amount of funds recovered from the Gasher Defendants was $1,105,169.43. See Third Status Report [D.E. 225 at 19]. On October 14, 2019, the Receiver filed the Third Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "Third Motion for Fees") [D.E. 231]. On November 19, 2019, the Court granted the Third Motion for Fees, authorizing the Receiver to pay a total of $98,388.11 in fees and costs to herself, Lead Counsel and the Forensic Accountant. See Order Granting Third Motion for Fees [D.E. 232].

On June 10, 2020, the Receiver filed the Fourth Status Report, which reported that, as of May 31, 2020, the total amount of funds recovered from the AIP Defendants was $1,193,163.63, and the total amount of funds recovered from the Gasher Defendants was $1,388,980.16. See Ex. A to Fourth Status Report [D.E. 245-1 at 1]. On June 17, 2020, the Receiver filed the Unopposed Fourth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "Fourth Motion for Fees") [D.E. 246]. On June 23, 2020, the Court granted the Fourth Motion for Fees, authorizing the Receiver to pay a total of $101,038.28 in fees and costs to herself, Lead Counsel and the Forensic Accountant. See Order Granting Fourth Motion for Fees [D.E. 250].

On December 9, 2020, the Receiver filed the Fifth Status Report, which reported that, as of November 30, 2020, the total amount of funds recovered from the AIP Defendants was $1,156,825.93, and the total amount of funds recovered from the Gasher Defendants was $1,332,252.86. See Ex. A to Fifth Status Report [D.E. 252-1 at 1]. On December 9, 2020, the Receiver filed the Agreed Fifth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "Fifth Motion for

Fees") [D.E. 253]. On February 9, 2021, the Court granted the Fifth Motion for Fees, authorizing the Receiver to pay a total of $90,207.89 in fees and costs to herself, Lead Counsel and the Forensic Accountant. See Order Granting Fifth Motion for Fees [D.E. 256].

On April 20, 2021, the Receiver filed the Sixth Status Report, which reported that, as of March 31, 2021, the total amount of funds recovered from the AIP Defendants was $1,078,184.68, and the total amount of funds recovered from the Gasher Defendants was $1,294,546.35. See Ex. A to Sixth Status Report [D.E. 257-1 at 1]. On June 8, 2021, the Receiver filed the Unopposed Sixth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "Sixth Motion for Fees") [D.E. 264]. On August 5, 2021, the Court granted the Sixth Motion for Fees, authorizing the receiver to pay a total of $41,782.42 in fees and costs to herself, Lead Counsel and the Forensic Accountant. See Order Granting Sixth Motion for Fees [D.E. 269].

On August 24, 2021, the Receiver filed the Seventh Status Report, which reported that, as of July 31, 2021, the total amount of funds on-hand in all receivership accounts was $1,304,612.56. See Ex. A to Seventh Status Report [D.E. 270-1 at 1]. On September 27, 2021, the Receiver filed the Unopposed Seventh Interim Motion Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "Seventh Motion for Fees") [D.E. 272]. On October 26, 2021, the Court granted the Seventh Motion for Fees, authorizing the receiver to pay a total of $83,812.14 in fees and costs to herself, Lead Counsel, and the Forensic Accountant. See Order Granting Seventh Motion for Fees [D.E. 277].

On February 7, 2022, the Receiver filed the Eighth Status Report, which reported that, as of December 31, 2021, the total amount of funds on-hand in all receivership accounts was $1,179.933.05. See Ex. A to Eighth Status Report [D.E. 280-1 at 1–2]. On March 7, 2022, the Receiver filed the Eighth Interim Motion Application for an Order Approving and Authorizing

Payment of Fees and Expenses of Receiver and Her Professionals (hereafter, "Eighth Motion for Fees") [D.E. 279]. On May 26, 2022, the Court granted the Eighth Motion for Fees, authorizing the receiver to pay a total of $39,699.78 in fees and costs to herself, Lead Counsel, and the Forensic Accountant. See Order Granting Eighth Motion for Fees [D.E. 283].

On August 29, 2022, the Receiver filed the Ninth Status Report, which reported that, as of July 31, 2022, the total amount of funds on-hand in all receivership accounts was $1,141,915.36. See Ex. A to Ninth Status Report [D.E. 284-1 at 2]. On September 1, 2022, the Receiver filed the Ninth Motion for Fees seeking approval of all of the fees and costs that the Receiver and her professionals incurred from January 1, 2022, through July 31, 2022 (hereafter, the "Application Period") and authorization to immediately pay all fees and costs from the funds held by the Receivership Estate. See Ninth Motion for Fees [D.E. 285 at 1]. According to the Receiver: Counsel for the CFTC informed the [Receiver] that they have no objection to any of the fees or costs for which approval and payment is sought [in the Ninth Motion for Fees]. Id. at 7. Moreover, Defendants did not file a response in opposition to the Ninth Motion for Fees within the time prescribed by Rule 7.1 of the Local Rules for the Southern District of Florida.

**DISCUSSION**

The Receiver requests the following amounts incurred during the Application Period: $27,790.50 in fees and $1,261.37 in costs by Lead Counsel; and $8,327.40 in fees and $166.76 in costs by the Forensic Accountant. See Ninth Motion for Fees [D.E. 285 at 4-5]. The hourly rates for these professionals have been reduced by up to 55 percent. Id. at 5. The Receiver, Lead Counsel, and the Forensic Accountant expended a total of 144.5 hours on work related to the AIP Defendants during the Application Period. Id. at 4; Exs. B & C to the Ninth Motion for Fees [D.E. 285-2, 285-3].

As noted above, the CFTC does not object to the Receiver's request and Defendants have failed to file a timely objection to the amounts sought. Moreover, the undersigned finds the hourly rates and hours expended to be reasonable. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . .").

The Receiver proposes that the fees and costs be paid from AIP's fiduciary account, for whom the work was attributable. The undersigned agrees with this proposal and recommends that the Court award the Receiver fees and costs from the funds recovered as follows:

**AIP Fiduciary Account**

| Description | Amount ($) |
| --- | --- |
| Receiver and Lead Counsel | |
| AIP-Related Work | 29,051.87 |
| | |
| Forensic Accountant | |
| AIP-Related Work | 8,494.16 |
| **GRAND TOTAL** | **37,546.03** |

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that the Receiver's Ninth Motion for Fees [D.E. 285] be GRANTED and that the Receiver be authorized to pay fees and costs as follows:

1. $29,051.87 to herself and Lead Counsel from the AIP Fiduciary Account;
2. $8,494.16 to the Forensic Accountant from the AIP Fiduciary Account.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E.

Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

      RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 6th day of October, 2022.

                                          _____
                                          ALICIA M. OTAZO-REYES
                                          UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Jose E. Martinez
        Counsel of Record