UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23992-CIV-MARTINEZ/SANCHEZ

COMMODITY FUTURES TRADING
COMMISSION,

 Plaintiff,

v.

TIMOTHY JOSEPH ATKINSON, JAY
PASSERINO, ALL IN PUBLISHING, LLC, &
GASHER, INC.,

 Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Receiver Melanie E. Damian's ("Receiver") Unopposed Eleventh Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Eleventh Motion for Fees") (ECF No. 295).[1] After a careful review of the motion, the pertinent portions of the record, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that the Receiver's Eleventh Motion for Fees (ECF No. 295) be **GRANTED**.

### I. BACKGROUND

On September 27, 2018, Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC") commenced this action against Defendants Timothy Joseph Atkinson ("Atkinson"), Jay Passerino ("Passerino"), All in Publishing, LLC ("AIP") and Gasher, Inc. ("Gasher") (collectively, "Defendants"), asserting that Defendants violated various sections of the Commodity Exchange

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this motion to the undersigned. ECF No. 296.

Act and its regulations. *See* ECF No. 1. On October 5, 2018, the Court entered an Order Granting Plaintiffs Emergency Motion for Statutory Restraining Order, Appointment of Receiver, an Accounting, and Other Equitable Relief ("SRO"). ECF No. 48. Pursuant to the SRO, Defendants' assets were frozen, all records of Defendants' activities and assets were ordered to be preserved, and the Receiver was appointed. *See id.* The SRO authorized the Receiver to manage and administer the Defendants and their estate by performing all acts incidental thereto that the Receiver deemed appropriate, "including . . . (1) the retention and employment of investigators, attorneys, or accountants . . . of the . . . Receiver's choice, including without limitation members and employees of the . . . Receiver['s] firm." *Id.* at 12. The SRO also authorized the Receiver to "[m]ake payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, provided that the . . . Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except for payments that the . . . Receiver deems necessary or advisable to secure the Receivership Estate from immediate and irreparable loss." *Id.* at 13.

On October 11, 2018, Defendants Atkinson and AIP consented to the Court's entry of a Preliminary Injunction against them, which the Court entered on November 16, 2018. *See* Consent Order for Preliminary Injunction and Other Ancillary Relief Against Defendants Atkinson and AIP ("Consent Preliminary Injunction"), ECF No. 127. Also on November 16, 2018, the Court entered an Order for Preliminary Injunction and Other Ancillary Relief Against Passerino and Gasher ("Preliminary Injunction"). ECF No. 125. The Preliminary Injunctions, among other things, extended the injunctive relief, asset freeze, directives, and appointment of the Receiver ordered in the SRO. *See* ECF Nos. 125, 127.

On December 5, 2018, the Receiver filed the First Status Report, which reported that the total amount of funds recovered from Defendants Atkinson and AIP (together "AIP Defendants") was $969,510.16 and the total amount of funds that the Receiver recovered from Defendants Passerino and Gasher (together "Gasher Defendants") was $1,645,888.93. *See* ECF No. 143 at 30. The Receiver maintained the funds recovered from the AIP Defendants and the funds recovered from the Gasher Defendants in separate fiduciary accounts (respectively, "AIP Fiduciary Account" and "Gasher Fiduciary Account"). *Id.*

On January 31, 2019, the Receiver filed the First Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("First Motion for Fees"). ECF No. 161. The Receiver informed the Court that she had engaged Damian & Valori LLP ("Lead Counsel") as her lead counsel and Kapila Mukamal LLP (the "Forensic Accountant") as her forensic accountant and tax consultant. *Id.* at 3. On May 1, 2019, the Court adopted a Report and Recommendation and granted the First Motion for Fees, authorizing the Receiver to pay a total of $161,000.58 in fees and costs to herself, Lead Counsel, and the Forensic Accountant. *See* ECF No. 200.

On April 17, 2019, the Receiver filed the Second Status Report, which reported that, as of March 31, 2019, the total amount of funds recovered from the AIP Defendants was $1,020,228.97, and the total amount of funds recovered from the Gasher Defendants was $1,627,732.86. *See* ECF No. 198 at 25. On May 29, 2019, the Receiver filed the Second Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Second Motion for Fees"). ECF No. 207. On July 15, 2019, the Court adopted a Report and Recommendation and granted the Second Motion for Fees, authorizing the Receiver to pay a total

of $269,494.14 in fees and costs to herself, Lead Counsel, and the Forensic Accountant. *See* ECF No. 222.

On August 9, 2019, the Receiver filed the Third Status Report, which reported that, as of July 31, 2019, the total amount of funds recovered from the AIP Defendants was $1,418,549.11, and the total amount of funds recovered from the Gasher Defendants was $1,105,169.43. *See* ECF No. 225 at 19. On October 14, 2019, the Receiver filed the Third Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Third Motion for Fees"). ECF No. 231. On November 19, 2019, the Court granted the Third Motion for Fees, authorizing the Receiver to pay a total of $98,388.11 in fees and costs to herself, Lead Counsel, and the Forensic Accountant. *See* ECF No. 232.

On June 10, 2020, the Receiver filed the Fourth Status Report, which reported that, as of May 31, 2020, the total amount of funds recovered from the AIP Defendants was $1,193,163.63, and the total amount of funds recovered from the Gasher Defendants was $1,388,980.16. *See* ECF No. 245-1 at 1. On June 17, 2020, the Receiver filed the Unopposed Fourth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Fourth Motion for Fees"). ECF No. 246. On July 7, 2020, the Court granted the Fourth Motion for Fees, authorizing the Receiver to pay a total of $101,038.28 in fees and costs to herself, Lead Counsel, and the Forensic Accountant. *See* ECF No. 250.

On December 9, 2020, the Receiver filed the Fifth Status Report, which reported that, as of November 30, 2020, the total amount of funds recovered from the AIP Defendants was $1,156,825.93, and the total amount of funds recovered from the Gasher Defendants was $1,332,252.86. *See* ECF No. 252-1 at 1. On December 18, 2020, the Receiver filed the Agreed Fifth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses

4

of Receiver and Her Professionals ("Fifth Motion for Fees").  ECF No. 253.  On February 9, 2021, the Court granted the Fifth Motion for Fees, authorizing the Receiver to pay a total of $90,207.89 in fees and costs to herself, Lead Counsel, and the Forensic Accountant.  *See* ECF No. 256.

On April 20, 2021, the Receiver filed the Sixth Status Report, which reported that, as of March 31, 2021, the total amount of funds recovered from the AIP Defendants was $1,078,184.68, and the total amount of funds recovered from the Gasher Defendants was $1,294,546.35.  *See* ECF No. 257-1 at 1.  On June 8, 2021, the Receiver filed the Unopposed Sixth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Sixth Motion for Fees").  ECF No. 264.  On August 5, 2021, the Court granted the Sixth Motion for Fees, authorizing the receiver to pay a total of $41,782.42 in fees and costs to herself, Lead Counsel, and the Forensic Accountant.  *See* ECF No. 269.

On August 24, 2021, the Receiver filed the Seventh Status Report, which reported that, as of July 31, 2021, the total amount of funds on-hand in all receivership accounts was $1,304,612.56.  *See* ECF No. 270-1 at 1.  On September 27, 2021, the Receiver filed the Unopposed Seventh Interim Motion Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Seventh Motion for Fees").  ECF No. 272.  On October 26, 2021, the Court granted the Seventh Motion for Fees, authorizing the receiver to pay a total of $83,812.14 in fees and costs to herself, Lead Counsel, and the Forensic Accountant.  *See* ECF No. 277.

On February 24, 2022, the Receiver filed the Eighth Status Report, which reported that, as of December 31, 2021, the total amount of funds on-hand in all receivership accounts was $1,179.933.05.  *See* ECF No. 278-1 at 1-2.  On March 7, 2022, the Receiver filed the Eighth Interim Motion Application for an Order Approving and Authorizing Payment of Fees and Expenses of

Receiver and Her Professionals ("Eighth Motion for Fees"). ECF No. 279. On May 26, 2022, the Court granted the Eighth Motion for Fees, authorizing the receiver to pay a total of $39,699.78 in fees and costs to herself, Lead Counsel, and the Forensic Accountant. *See* ECF No. 283.

On August 29, 2022, the Receiver filed the Ninth Status Report, which reported that, as of July 31, 2022, the total amount of funds on-hand in all receivership accounts was $1,141,915.36. *See* ECF No. 284-1 at 2. On September 1, 2022, the Receiver filed the Ninth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Ninth Motion for Fees"). ECF No. 285. On October 26, 2022, the Court granted the Ninth Motion for Fees, authorizing the receiver to pay a total of $37,546.03 in fees and costs to herself, Lead Counsel, and the Forensic Accountant. *See* ECF No. 288.

On March 9, 2023, the Receiver filed the Tenth Status Report, which reported that, as of December 31, 2022, the total amount of funds on-hand in all receivership accounts was $1,105,557.34. *See* ECF No. 289 at 6; ECF No. 289-1. On April 3, 2023, the Receiver filed the Tenth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Tenth Motion for Fees"). ECF No. 290. On May 23, 2023, the Court granted the Tenth Motion for Fees, authorizing the receiver to pay a total of $51,610.15 in fees and costs to herself, Lead Counsel, the Forensic Accountant, and the California Counsel.[2] *See* ECF No. 293.

On February 7, 2024, the Receiver filed the Eleventh Status Report, which reported that, as of December 31, 2023, the total amount of funds on-hand in all receivership accounts was $1,054,641.07. *See* ECF No. 294 at 7; ECF No. 294-1. On February 23, 2024, the Receiver filed

---

[2] The "California Counsel" is Raines Feldman LLP, the receiver's local counsel in California. *See, e.g.*, ECF No. 292 at 7; ECF No. 290 at 1 n.1.

the Eleventh Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals ("Eleventh Motion for Fees"), seeking approval of all the fees and costs that the Receiver and her professionals incurred from January 1, 2023, through December 31, 2023, (the "Application Period") and authorization to immediately pay all fees and costs from the funds held by the Receivership Estate. *See* ECF No. 295 at 1. According to the Receiver, counsel for the CFTC and Passerino informed the Receiver that they have no objection to any of the fees or costs for which approval and payment is sought in the Eleventh Motion for Fees. *Id.* at 8. Moreover, Atkinson did not file a response in opposition to the Eleventh Motion for Fees although the time for doing so under Local Rule 7.1(c) has long passed.

## II. ANALYSIS

The Receiver requests the following amounts incurred during the Application Period: $43,989 in fees and $976.35 in costs by her and Lead Counsel; $3,207.40 in fees and $96.02 in costs by the Forensic Accountant; and $11,252,00 in fees for the California Counsel. *See* ECF No. 295 at 8. The hourly rates for these professionals have been reduced by up to 56 percent. *See id.* at 6. The Receiver, Lead Counsel, the Forensic Accountant, and the California Counsel collectively expended a total of 204 hours on work related to the receivership during the Application Period. *Id.* at 5; ECF Nos. 295-2 (Receiver and her Lead Counsel - 176.5 hours), 295-3 (Forensic Accountant - 8.1 hours), 295-4 (California Counsel - 19.4 hours).

As noted above, the CFTC and Passerino do not object to the Receiver's request, and Atkinson has failed to object to the Receiver's request or the amounts sought. Moreover, the undersigned finds that the hourly rates and hours expended were reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (noting the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees").

The Receiver proposes that she be allowed to pay the fees and costs from the account that she is maintaining for the Receivership Estate. ECF No. 295 at 8-9. The undersigned agrees with this proposal and recommends that the Court award the Receiver fees and costs from the funds recovered as follows:

| Description | Amount ($) |
|---|---|
| Receiver and Lead Counsel | $44,965.35 |
| Forensic Accountant | $3,303.42 |
| California Counsel | $11,252.00 |
| **GRAND TOTAL** | **$59,520.77** |

### III.   CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the Receiver's Eleventh Motion for Fees (ECF No. 295) be **GRANTED** and that the Receiver be authorized to pay fees and costs as follows:

(1) **$44,965.35** to herself and Lead Counsel from the Receivership Estate;

(2) **$3,303.42** to the Forensic Accountant from the Receivership Estate;

(3) **$11,252.00** to the California Counsel from the Receivership Estate.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. Accordingly, the parties shall have **until Wednesday, November 27, 2024,** to serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed

in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 22nd day of November 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:     Hon. Jose E. Martinez
        Counsel of Record

9